UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THANH NGUYEN,

        Petitioner,                      Case No. 15-12795

v.                                        Honorable Mark A. Goldsmith
                                              United States District Judge

THOMAS WINN,

        Respondent.
_____/

## OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING CERTIFICATE OF APPEALABILITY

Petitioner, Thanh Nguyen, has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254. Through counsel, he challenges his convictions for possession with intent to deliver 50 to 449 grams of cocaine, Mich. Comp. Laws § 333.7401(2)(a)(iii), possession with intent to deliver less than 50 grams of cocaine, Mich. Comp. Laws § 333.7401(2)(a)(iv), possession of ecstasy, Mich. Comp. Laws § 333.7403(2)(b)(i), manufacturing 5 to 44 kilograms of marijuana, Mich. Comp. Laws § 333.7401(2)(d)(ii), possession of a firearm by a felon, Mich. Comp. Laws § 750.224f, possession with intent to deliver less than 5 kilograms of marijuana, Mich. Comp. Laws § 333.7401(2)(d)(iii), possession of less than 25 grams of oxycodone, Mich. Comp. Laws § 333.7403(2)(b)(ii), fraudulent use of a public utility over $500, Mich. Comp. Laws § 750.282(1) and (2), possession of dihydrocodeine, Mich. Comp. Laws § 333.7403(2)(b)(ii), possession of psilocin, Mich. Comp. Laws § 333.7403(2)(c), and seven counts of possession of a firearm during the commission of a felony, Mich. Comp. Laws § 750.227b. He raises a Fourth Amendment claim, asserting that his right against unreasonable search and seizure was violated because the police did not have probable cause to perform the search that resulted in his arrest. Respondent has filed an

answer opposing the petition. For the reasons set forth below, the Court denies the petition and denies a certificate of appealability.

## I. BACKGROUND

Petitioner's convictions arise from a September 7, 2010 traffic stop in the city of Troy, Michigan. The Michigan Court of Appeals described the underlying facts, which are presumed to be correct on habeas review, see 28 U.S.C. § 2254(e)(1); Wagner v. Smith, 581 F.3d 410, 413 (6th Cir. 2009), as follows:

> The record establishes that a confidential informant (CI), who was cooperating with United States Immigration and Customs Enforcement (ICE), had agreed to purchase a large quantity of cocaine from defendant in the city of Troy. With prior knowledge of the CI's agreement, the Troy police stopped defendant's vehicle, asked defendant to get out of the vehicle, and thereafter performed a pat-down search for weapons and a consensual vehicle search. Officer Neil Piltz searched the driver's compartment, underneath the seats, the top of the seats, and behind the driver's seat. Officer Piltz then talked to defendant while another officer conducted a search using a canine. No drugs were located in the vehicle during this initial search.
>
> Throughout his conversation with Officer Piltz, defendant had his hands in his pants pockets. Officer Piltz testified at the preliminary examination that when defendant removed his hands from his pockets, he noticed a bulge in defendant's right pants pocket—bigger than a golf ball—where it had been smooth during the initial pat-down. Officer Piltz felt the bulge and asked defendant what it was while he began to check inside defendant's pocket. Defendant then put his hands together in front of his body and told the officer that he should arrest him. Officer Piltz asked defendant why, to which defendant responded, "for what you're going to find in my pocket." Officer Piltz pulled out a felt bag and before he could look inside, defendant stated that it contained cocaine. Officer Piltz then arrested defendant.
>
> Approximately 20 minutes lapsed from the time defendant was pulled over to the time Officer Piltz found the cocaine and arrested defendant. Later and contemporaneous with his arrest, defendant waived his Miranda rights and admitted operating an illegal marijuana growing operation in his home and possessing firearms and other illicit controlled substances. The Troy police relied on defendant's statements and the cocaine found at the time of the arrest to obtain a search warrant for his home. When the search warrant was executed at defendant's home, various illegal drugs, firearms, and other contraband were recovered.

People v. Nguyen, 854 N.W.2d 223, 226-227 (Mich. Ct. App. 2014).

Petitioner moved to suppress the cocaine evidence on the ground that it had been obtained in violation of his Fourth Amendment rights. The district court held four separate hearings on the matter and ultimately concluded that the police lacked probable cause for the arrest, suppressed the evidence of the cocaine found in his pocket, and dismissed the possession with intent to deliver 50 to 449 grams of cocaine charge. The prosecution appealed to the circuit court, which reversed and remanded.

On July 12, 2012, Petitioner entered a conditional guilty plea to all 17 counts to which he had been charged. The court sentenced him to a term of 11 to 15 years on the convictions for possession with intent to deliver marijuana, possession of less than 25 grams of oxycodone, fraudulent use of a public utility over $500, and possession of dihydrocodeine, a concurrent 11 to 30 years on his convictions for possession with intent to deliver less than 50 grams of cocaine, possession of ecstasy, manufacturing 5 to 44 kilograms of marijuana, and possession of a firearm by a felon, a consecutive 2 years for the felony firearm convictions, and two days for the psilocin conviction.

Thereafter, Petitioner filed an appeal of right in the Michigan Court of Appeals, raising a single claim that the search was illegal because it was not authorized by an exception to the warrant requirement. The Court of Appeals affirmed his conviction. Nguyen, 854 N.W.2d 223. He subsequently filed an application for leave to appeal in the Michigan Supreme Court, raising the same claim. The Court denied his application. People v. Nguyen, 863 N.W.2d 327 (Mich. 2015). Petitioner then filed the instant petition for habeas relief, raising the same Fourth Amendment claim.

## II. STANDARD OF REVIEW

Generally, a petitioner's claims are reviewed against the standards established by the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 ("AEDPA"). The AEDPA provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

28 U.S.C. § 2254(d). Put broadly, a writ of habeas corpus will not issue unless a petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).

Moreover, "it is not the province of a federal court to re-examine state court determinations on state-law questions." Estelle v. McGuire, 502 U.S. 62, 67-68 (1991). Such claims are simply not cognizable on habeas review. More specifically and relevant to the instant matter, a federal court is precluded from habeas review of exclusionary rule claims where the state has provided an opportunity for full and fair litigation. Stone v. Powell, 428 U.S. 465, 481-482 (1976); Good v. Berghuis, 729 F.3d 636, 638 (6th Cir. 2013).

Lastly, a federal habeas court must presume the correctness of state court factual determinations. See 28 U.S.C. § 2254(e)(1). A petitioner may rebut this presumption only with clear and convincing evidence. Warren v. Smith, 161 F.3d 358, 360-361 (6th Cir. 1998).

# III. ANALYSIS

Petitioner contends that Officer Piltz's search of his person was illegal and an arrest would not have been made but for the illegally seized evidence. As addressed above, prior to his guilty plea Petitioner moved to suppress the evidence on the ground that it had been obtained in violation of his Fourth Amendment rights. As described more specifically by the Court of Appeals:

> The district court began a preliminary examination and heard testimony and argument on four separate hearing dates, May 10, 2011, July 12, 2011, August 16, 2011, and October 11, 2011. At the May 10, 2011 hearing, Officer Piltz and Sergeant Scott Salter of the Troy Police Department testified regarding the events that occurred leading up to the arrest. After both officers testified, defense counsel moved for the suppression of the evidence of the cocaine found in defendant's pocket on the basis that the search was illegal. The district court ruled that the statements made by defendant to Officer Piltz, that he had cocaine in his pocket, were inadmissible because the officer violated defendant's Miranda rights. The district court also ruled that the police lacked probable cause for the arrest, citing a lack of testimony regarding what they knew about the CI and whether the information was reliable. In connection with its probable cause ruling, the district court stated: "It seemed quite obvious to me from the tape that both officers believed that they had come up empty and that there was nothing to arrest the defendant for until he sees the bulge, goes in and takes it." Following this ruling, in response to the prosecution's request, the district court set aside its finding that the police had lacked probable cause and permitted the prosecution to reopen the proofs in order to present testimony from ICE agents regarding whether the police had probable cause for the arrest.
>
> At the conclusion of the July 12, 2011 hearing defendant filed a motion to suppress evidence of the cocaine found in his pocket, claiming it was the fruit of an unlawful search. Defendant also moved to suppress his statements made to the police after the arrest as fruits of an unlawful arrest. At the August 16, 2011 hearing on the motion to suppress, the district court found:
>
>> The defendant's stop was reasonable. His frisk was reasonable under Terry. The search of his car was reasonable because I think at the moment he was stopped, based on the case law and the, the previous use of the informant and the informant having information that the defendant had the cocaine on his person.
>>
>> At the moment of the stop I agree with the prosecution that they didn't need his consent to, to search his car. That they could have arrested him for probable cause for being in possession of narcotics with intent to distribute. And search the car and have searched him.

5

> Further, the district court articulated that, because the police found no contraband after they frisked defendant and searched his vehicle, a reasonable person would not have concluded that the confidential informant was correct. The district court held:
>> [E]verything that occurred post this stop and before the moment of the second search, which in my opinion the search—the going into the pants was definitely a search. It was not Terry. It was without a search warrant. And the probable cause had absolutely dissipated by the time he went into the pants before the second search.
>
> The district court suppressed evidence of the cocaine found in defendant's pocket on the basis that the police had no probable cause for the arrest, and it dismissed Count I (possession with intent to deliver 50 to 449 grams of cocaine).
>
> At the October 11, 2011 hearing, the district court heard testimony focused on the remaining counts in order to determine whether defendant's statements to the police after he was arrested were fruits of an unlawful arrest. At this hearing Officer Scott Lamilza testified that he used defendant's statements from the interview following his arrest to obtain the search warrant for defendant's home. On the basis of this testimony, the district court suppressed defendant's statements as fruits of an unlawful arrest. The district court concluded that, absent evidence of the cocaine recovered from defendant's pocket and his statements, there was no probable cause to support the issuance of the search warrant for defendant's home. Accordingly, the district court dismissed the remaining Counts II through XVII.

Nguyen, 854 N.W.2d at 227-229. The prosecution appealed the trial court's ruling to the circuit court, which reversed and remanded, finding that under a totality of the circumstances the officers had probable cause, the arrest was legal, and the cocaine and statements were admissible. Petitioner then pleaded guilty to all 17 counts, preserving his right to appeal.

On appeal, Petitioner raised this single Fourth Amendment claim. In a fully reasoned opinion, the Michigan Court of Appeals affirmed his conviction. The Court of Appeals concluded that the CI was credible and reliable and the information he provided was "highly relevant" to establishing probable cause. Id. at 231. As to whether the probable cause dissipated when the officers failed to find any contraband on the initial pat down, the Court of Appeals found that

> given the credible and corroborated information from the CI that defendant possessed cocaine, that cocaine was not recovered during the pat-down search for weapons or the search of the vehicle, and that defendant may have disregarded the

order to stop his vehicle to take time to hide the cocaine in his pocket, the circuit did not err by finding that probable cause for the arrest continued to exist during the search of the defendant.

Id. at 232. This decision is carefully considered and reasonable.

Petitioner's Fourth Amendment challenge to the admission of the evidence in this case is non-cognizable on federal habeas review. A federal habeas review of a petitioner's arrest or search by state police is barred where the state has provided a full and fair opportunity to litigate an illegal arrest or a search and seizure claim. Stone, 428 U.S. at 494–495; Machacek v. Hofbauer, 213 F. 3d 947, 952 (6th Cir. 2000). For such an opportunity to have existed, the state must have provided, in the abstract, a mechanism by which the petitioner could raise the claim, and presentation of the claim must not have been frustrated by a failure of that mechanism. Riley v. Gray, 674 F. 2d 522, 526 (6th Cir.1982).

As such, on federal habeas review, a federal court cannot re-examine a petitioner's Fourth Amendment claim that evidence should have been suppressed as "poisonous fruit" of his or her illegal arrest, where the state provided an opportunity for full and fair litigation of the habeas petitioner's Fourth Amendment claim prior to trial. See Wilson v. Straub, 185 F. Supp. 2d 766, 770–771 (E.D. Mich. 2002); see also Walendzinski v. Renico, 354 F. Supp. 2d 752, 759 (E.D. Mich. 2005); Monroe v. Smith, 197 F. Supp. 2d 753, 766 (E.D. Mich. 2001).

Petitioner is therefore unable to raise a Fourth Amendment claim that the evidence in this case was the product of an illegal arrest or seizure, where Petitioner's Fourth Amendment claim was the subject of an evidentiary hearing in the trial court where the facts of his claim were fully developed. Because Petitioner's Fourth Amendment claim was fully and fairly litigated in the Michigan trial and appellate courts, this claim is not cognizable on habeas review. Stone, 428 U.S. at 494–495.

## IV. CERTIFICATE OF APPEALABILITY

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability (COA) is issued under 28 U.S.C. § 2253. Rule 11 of the Rules Governing Section 2254 Proceedings now requires that the Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). A petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (citation omitted). In this case, the Court concludes that reasonable jurists would not debate the conclusion that the petition fails to state a claim upon which habeas corpus relief should be granted. Therefore, the Court will deny a certificate of appealability.

For the reasons stated above, the petition for a writ of habeas corpus and a certificate of appealability are denied and the matter is dismissed.

SO ORDERED.

Dated: August 24, 2018  
      Detroit, Michigan

s/Mark A. Goldsmith  
MARK A. GOLDSMITH  
United States District Judge

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on August 24, 2018.

s/Karri Sandusky  
Case Manager